Max Moskowitz
Ariel S. Peikes
OSTROLENK FABER, LLP
1180 Avenue of the Americas
New York, New York 10036
Tel. (212) 382-0700
Fax (212) 382-0888
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------X

| | | |
|---|---|---|
| HOMECO LLC, | : | Civil Action No.   16-cv-194 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| LITTLE COSMETICS LLC, | : | |
| | : | |
| Defendant. | : | |

-------------------------------------------------------------------------X

## COMPLAINT FOR DECLARATORY JUDGMENT
## OF NO COPYRIGHT INFRINGEMENT, AND FOR UNFAIR
## COMPETITION UNDER THE LANHAM ACT

Plaintiff, HOMECO LLC, through its counsel and for the complaint against Little

Cosmetics LLC, states as follows:

1.      This is an action for a Declaratory Judgment of no Copyright Infringement under

the federal Copyright Laws, and for unfair competition under the Lanham Act.

### THE PARTIES

2.      Plaintiff HOMECO, LLC ("HomeCo") is a New York Limited Liability Company

with an address at 1719 51st Street, Brooklyn, NY 11204.

3.     On information and belief, Defendant LITTLE COSMETICS LLC ("Little Cosmetics") is a Limited Liability Company of California with an address at 205 W. Benedict St., Unit 14, San Bernardino, California 92408.

## JURISDICTION AND VENUE

4.     This action arises under the Copyright Laws of the United States, 17 U.S.C. §§ 1, et seq., and under the Lanham Act 15 U.S.C. § 1051 et seq. and seeks relief, *inter alia*, under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.  This Court has jurisdiction under 28 U.S.C. § 1338(a).  Venue is proper in this judicial district under 28 U.S.C. §§1391(c) and 1400(b).

## FACTUAL BACKGROUND

5.     The product in this lawsuit can be described as being a "cosmetic kit". The cosmetic kit includes fake mess-free makeup that does not really apply to skin any ingredient and which young girls can use to play with, pretending that they apply to themselves makeup. The cosmetic bag kit may include a mirror, blush, eye shadow, lip gloss and real makeup brushes held in a cosmetics bag. This toy is a great way to encourage creative play and motor skill development.

6.     HomeCo sells its cosmetic kit, and the details thereof can be seen at http://www.clicknplaytoys.com/contact. A photo of the HomeCo product including the bag is in **Exhibit A** hereto. The HomeCo product has been sold to the public since at least early December 2015, in the form shown in Exhibit A.

7.   On information and belief, the Defendant, Little Cosmetics, sells its cosmetics kit with the contents and appearance shown in **Exhibit B** hereto.

8.   The respective cosmetic bags of HomeCo and Little Cosmetics do not look even remotely similar to each other in terms of design and the depictions on its exterior.

9.   On information and belief, Little Cosmetics does not own a copyright registration on the HomeCo cosmetic bag, nor any patent or trademark covering any of the items in its cosmetics kits.

10.   On information and belief, Little Cosmetics has never applied to register the appearance of its own cosmetic kit/bag.

11.   In December 2015, both Little Cosmetics and HomeCo marketed their respective cosmetic kits on Amazon.

12.   In late December 2015, Amazon removed HomeCo's listing, advising HomeCo that Amazon removed HomeCo's listing because of a complaint by Little Cosmetics. More specifically, Amazon wrote:

> We have removed your listing because of a rights owner complaint about an item that infringes their intellectual property rights. Listing will remain inactive until you can work with the rights owner directly to resolve their concern.

13.   The involved Amazon listings are ASIN: B0176RGV34, ASIN: B01867SNFC.

14.   Amazon advised HomeCo to contact Little Cosmetics whom Amazon identified as the "rights owner".

15.   HomeCo, through its counsel, contacted Little Cosmetics' attorney, Kenneth Avila, on January 5, 2016 and contended that no copyright has been violated and requested a copy of Little Cosmetics' submissions and/or allegations to Amazon.

16.    Counsel for Little Cosmetics, Kenneth Avila replied by providing comparison photos and contending that this shows that HomeCo's and Little Cosmetics are the same. See **Exhibit C**. In fact, they are not the same and Little Cosmetics caused Amazon to interfere with HomeCo's business activities without checking at the time that they lodged their complaint with Amazon the true state of the facts.

17.    The foregoing has caused and continues to cause irreparable harm to HomeCo.

18.    HomeCo's repeated entreaties to Amazon to actually communicate with it and compare its own listing to Little Cosmetics' listing fell on deaf ears, as Amazon's policy is to simply delist a competitive product on the mere say-so of anyone.

19.    Urgent intervention of this Court is needed, including by way of temporary and permanent injunctive relief, and compensation for unfair competition should be awarded to HomeCo.

## COUNT I

### The HomeCo Products
### Do Not Infringe any of Little Cosmetics' Copyright(s)

20.    This is an action for Declaratory Judgment that HomeCo's sales of its cosmetics kit do not infringe on any proprietary rights of Little Cosmetics, including any alleged copyright of Little Cosmetics.

21.    HomeCo repeats and realledges the averments contained in Paragraphs 1-20 of this Complaint as if fully set forth herein.

22.    On information and belief, at the time that Little Cosmetics contacted Amazon and stated to Amazon that HomeCo's cosmetic bag infringes on its copyright, even though it did not so much as even attempt to ascertain the facts that it was alleging. Little Cosmetics did not

even so much as click on HomeCo's listing to verify what it is that HomeCo is actually offering and selling to the public.

23. By reason of the foregoing, HomeCo is suffering and will continue to suffer irreparable harm from Little Cosmetics unfair acts, in the manner set forth above, unless a Declaratory Judgment issues precluding Little Cosmetics from interfering with HomeCo or taking any other action based upon the aforesaid acts.

## COUNT II

### Little Cosmetics has Tortiously Interfered with HomeCo's Business

24. Little Cosmetics' acts of directing Amazon to delist a competitor's product which does not infringe on any of its proprietary intellectual property rights constitute a violation of the Lanham Act.

25. This is a count for unfair competition under the Lanham Act, for false statements and tortious interference with a competitor's business.

26. HomeCo repeats and realleges the averments contained in paragraphs 1-25 of this Complaint as is fully set forth herein.

27. Little Cosmetics acts identified herein, including its reckless, egregious, wholly unverified representations to Amazon that the cosmetic bag in the HomeCo cosmetics kit infringes on its copyright is patently false.

28. By reason of the foregoing, HomeCo is suffering and will continue to suffer irreparable harm, unless and until the Court enjoins Little Cosmetics' activities and directs it to withdraw its complaint from Amazon and to account and pay to HomeCo all its damages that it

has suffered, including attorneys' fees for reckless statements to Amazon that resulted in harm to HomeCo.

WHEREFORE, Plaintiff HomeCo prays that judgment be entered:

A.   Declaring that HomeCo's cosmetic kit that Little Cosmetics has caused to be delisted from Amazon does not infringe and cannot infringe any alleged copyright owned by Little Cosmetics.

B.   Finding the acts of Little Cosmetics that caused Amazon to delist HomeCo's products from being sold to constitute unfair competitive acts and false representation under the Lanham Act and awarding damages thereon.

C.   Enjoining Little Cosmetics from unfairly competing with HomeCo and awarding HomeCo its damages and attorney's fees.

D.   Ordering that HomeCo be granted such other and further relief as the Court may deem just and proper.


Dated:  January 13, 2016                    Respectfully submitted,

                                            _____
                                            Max Moskowitz
                                            mmoskowitz@ostrolenk.com
                                            Ariel S. Peikes
                                            apeikes@ostrolenk.com
                                            OSTROLENK FABER, LLP
                                            1180 Avenue of the Americas
                                            New York, New York 10036
                                            Tel.  (212) 382-0700
                                            Fax  (212) 382-0888
                                            Attorneys for Plaintiff